IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

_____

ANN MARIE FLYNN,                    )
                                    )
                Plaintiff,          )
                                    )
v.                                  )  Civ. No. 17-00151 ACK-KSC
                                    )
NANCY A. BERRYHILL, Acting          )
Commissioner of Social Security,    )
                                    )
                Defendant.          )
_____)

## ORDER REVERSING THE DECISION OF THE COMMISSIONER OF SOCIAL SECURITY AND REMANDING FOR FURTHER PROCEEDINGS

For the reasons set forth below, the Court REVERSES the decision of the Commissioner and REMANDS for further administrative proceedings consistent with this Order.

## BACKGROUND

On July 31, 2012, Plaintiff Ann Marie Flynn ("Plaintiff") filed an application for Social Security Disability Insurance ("SSDI") benefits. AR 158-59. Plaintiff alleged disability beginning February 15, 2010. AR 12. The application was initially denied on February 26, 2013, and upon reconsideration on January 2, 2014. Id. Plaintiff then requested a hearing before an administrative law judge ("ALJ"), which was held on May 13, 2015. Id. On August 7, 2015, the ALJ issued his written decision finding Plaintiff not disabled. AR 23. On August 17, 2015, Plaintiff filed a request for rehearing. AR 7-8. After the Appeals Council declined to

disturb the ALJ's decision, the ALJ's decision became the final decision of the Commission on January 31, 2017.  AR 1-5.[1]

Plaintiff filed a complaint on April 4, 2017 seeking a review of the denial of Plaintiff's applications for SSDI benefits.  ECF No. 1.  On September 11, 2017, Plaintiff filed her opening brief.  ECF No. 12 ("Opening Br.").  Defendant, the Acting Commissioner of Social Security ("Commissioner"), filed her answering brief on November 13, 2017.  ECF No. 13 ("Ans. Br.").  Plaintiff filed her reply brief on December 11, 2017. ECF No. 14 ("Reply Br.").

The Court held a hearing on January 8, 2018 regarding Plaintiff's requested review of the Commissioner's decision.

**STANDARD**

A district court has jurisdiction pursuant to 42

---

[1] The Court notes that the Commissioner approved Plaintiff for Supplemental Security Income benefits, which is different from the Social Security Disability Insurance benefits at issue here, with a disability onset date of August 17, 2015.  Opening Br. at 1.  Plaintiff's Opening Brief further states:

> [T]he issue here is whether [she] was disabled on or before March 31, 2013, and thus entitled to SSDI benefits, instead of SSI . . . there is a difference between SSI and SSDI programs . . . While [Plaintiff's] monthly stipend will be very near the same monetary amount, SSDI will provide her Medicare medical insurance through the federal government . . .

Id. at 1-2.

U.S.C. § 405(g) to review final decisions of the Commissioner of Social Security.[2]

A final decision by the Commissioner denying Social Security disability benefits will not be disturbed by the reviewing district court if it is free of legal error and supported by substantial evidence. See 42 U.S.C. § 405(g); Dale v. Colvin, 823 F.3d 941, 943 (9th Cir. 2016) (reviewing a district court's decision de novo). Even if a decision is supported by substantial evidence, it "will still be set aside if the ALJ did not apply proper legal standards." See Gutierrez v. Comm'r of Soc. Sec., 740 F.3d 519, 523 (9th Cir. 2014).

In determining the existence of substantial evidence, the administrative record must be considered as a whole, weighing the evidence that both supports and detracts from the Commissioner's factual conclusions. See id. "Substantial evidence means more than a scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (internal quotation marks omitted). "If the evidence can reasonably support either affirming or reversing, the reviewing court may not substitute its judgment for that of the

---

[2] 42 U.S.C. § 1383(c)(3) incorporates the judicial review standards of 42 U.S.C. § 405(g), making them applicable to claims for supplemental security income.

Commissioner." Id. (internal quotation marks omitted). Rather, courts "leave it to the ALJ to determine credibility, resolve conflicts in the testimony, and resolve ambiguities in the record." Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1098 (9th Cir. 2014).

## DISCUSSION

"To establish a claimant's eligibility for disability benefits under the Social Security Act, it must be shown that: (a) the claimant suffers from a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months; and (b) the impairment renders the claimant incapable of performing the work that the claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy." Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999); see 42 U.S.C. § 423(d)(2)(A). A claimant must satisfy both requirements in order to qualify as "disabled" under the Social Security Act. Tackett, 180 F.3d at 1098.

### I. The SSA's Five-Step Process for Determining Disability

The Social Security regulations set forth a five-step sequential process for determining whether a claimant is disabled. Ukolov v. Barnhart, 420 F.3d 1002, 1003 (9th Cir.

4

2005); see 20 C.F.R. § 404.1520. "If a claimant is found to be 'disabled' or 'not disabled' at any step in the sequence, there is no need to consider subsequent steps." Ukolov, 420 F.3d at 1003 (citations omitted in original). The claimant bears the burden of proof as to steps one through four, whereas the burden shifts to the SSA for step five. Tackett, 180 F.3d at 1098.

At step one the ALJ will consider a claimant's work activity, if any. 20 C.F.R. § 404.1520(a)(4)(i). If the ALJ finds the claimant is engaged in substantial gainful activity he will determine that the claimant is not disabled, regardless of the claimant's medical condition, age, education, or work experience. 20 C.F.R. § 404.1520(b). Substantial gainful activity is work that is defined as both substantial – i.e. work activity involving significant physical or mental activities – and gainful – i.e. work activity done for pay or profit. 20 C.F.R. § 404.1572. If the ALJ finds that the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. Tackett, 180 F.3d at 1098.

Step two requires the ALJ to consider the medical severity of the claimant's impairments. 20 C.F.R. § 404.1520(a)(4)(ii). Only if the claimant has an impairment or combination of impairments that "significantly limits [his] physical or mental ability to do basic work activities" will the analysis proceed to step three. 20 C.F.R. § 404.1520(c). If not, the

ALJ will find the claimant is not disabled and the analysis stops. 20 C.F.R. § 404.1520(a)(4)(ii).

The severity of the claimant's impairments is also considered at step three. 20 C.F.R. § 404.1520(a)(4)(iii). Here, the ALJ will determine whether the claimant's impairments meet or medically equal the criteria of an impairment specifically described in the regulations. Id.; see also 20 C.F.R. Part 404, Subpart P, App. 1. If the impairments do meet or equal these criteria, the claimant is deemed disabled and the analysis ends. 20 C.F.R. § 404.1520(a)(4)(iii). If not, the analysis proceeds to step four. 20 C.F.R. § 404.1520(e).

Step four first requires the ALJ to determine the claimant's residual functional capacity ("RFC"). Id. RFC is defined as the most the claimant can still do in a work setting despite his physical and mental limitations. 20 C.F.R. § 404.1545(a)(1). In assessing a claimant's RFC, the ALJ will consider all of the relevant evidence in the claimant's case record regarding both severe and non-severe impairments. 20 C.F.R. § 404.1545. This assessment is then used to determine whether the claimant can still perform his past relevant work. 20 C.F.R. § 404.1520(e). Past relevant work is defined as "work that [the claimant has] done within the past 15 years, that was substantial gainful activity, and that lasted long enough for [the claimant] to learn to do it." 20 C.F.R. § 404.1560(b)(1).

6

The ALJ will find that the claimant is not disabled if he can still perform his past relevant work, at which point the analysis will end.  Otherwise, the ALJ moves to step five.

In the fifth and final step, the ALJ will once again consider the claimant's RFC, as well as his age, education, and work experience, in order to determine whether the claimant can perform other work.  20 C.F.R. § 404.1520(a)(4)(v).  Here, the Commissioner is responsible for providing "evidence that demonstrates that other work exists in significant numbers in the national economy that [the claimant] can do."  20 C.F.R. § 404.1560(c)(2).  If the claimant is unable to perform other work, he is deemed disabled; if he can make an adjustment to other available work, he is considered not disabled.  20 C.F.R. § 404.1520(g)(1).

## II.  The ALJ's Analysis

The ALJ found that at step one, Plaintiff had not engaged in gainful activity since February 15, 2010, the alleged onset date, through her date last insured of March 31, 2013, and at step two, that she suffered from the following severe impairments: cervical spine disc disease, shoulder strain, and post-traumatic stress disorder.  AR 14-15.

At the third step, the ALJ found that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled the severity of an impairment listed in 20

C.F.R. Part 404, Subpart P, Appendix 1.  AR 15.

Moving to step four, the ALJ determined that Plaintiff

has the RFC to perform light work, except:

> no ladders, ropes or scaffolds; only
> occasional ramps or stairs; only occasional
> overhead use of the upper extremities;
> simple, routine, repetitive type tasks, in a
> low stress job environment which is defined
> as having only occasional decision making
> and only occasional changes in the work
> setting; and only occasional interaction
> with the public, and occasional interaction
> with co-workers.

AR 17.  Based on this RFC, the ALJ determined at step four that

Plaintiff was unable to perform any past relevant work.  AR 21-

22.  Plaintiff agrees that she is unable to perform past

relevant work but argues that the ALJ's RFC finding improperly

rejected Plaintiff's testimony as to her limiting symptoms and

Dr. Gregory Park's medical opinion.  Opening Br. at 10.

Based on the ALJ's RFC determination, the ALJ

concluded at Step Five that Plaintiff is not disabled because

there were jobs that existed in significant numbers in the

national economy that Plaintiff could perform.  AR 22-23.

### III.   Whether the ALJ Improperly Discredited Plaintiff's Testimony as to Her Limiting Symptoms

"In assessing the credibility of a claimant's

testimony regarding subjective pain or the intensity of

symptoms, the ALJ engages in a two-step analysis."  Molina v.

Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012).  The ALJ must first

"determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." Id. (internal quotation marks and citation omitted). "If the claimant has presented such evidence, and there is no evidence of malingering, then the ALJ must give specific, clear and convincing reasons in order to reject the claimant's testimony about the severity of the symptoms." Id. (internal quotation marks and citation omitted).

"The ALJ must specifically identify what testimony is credible and what testimony undermines the claimant's complaints." Vertigan, 260 F.3d 1044, 1049 (9th Cir. 2011). "The fact that a claimant's testimony is not fully corroborated by the objective medical findings, in and of itself, is not a clear and convincing reason for rejecting it." Id. In addition, "[a] finding that a claimant's testimony is not credible must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain." Brown-Hunter v. Colvin, 806 F.3d 487, 493 (9th Cir. 2015) (internal quotation marks omitted).

Plaintiff asserts the ALJ improperly rejected her testimony regarding her limiting symptoms—specifically her

testimony that her pain limits how long she can stand and walk and her testimony that she cannot lift more than ten pounds. The Court discusses each of these arguments in turn.

### i.   Plaintiff's Testimony that her Pain Limits the Length of Time She Can Stand and Walk

Plaintiff asserts that the ALJ did not discuss Plaintiff's testimony regarding her ability to stand and walk. Defendant does not address this argument in her Opposition.

At the hearing before the ALJ, Plaintiff testified that she could stand in one place for an hour before she would have to sit down or do something else.  AR 42.  Plaintiff also testified that she could only walk for 20 minutes before she would have to stop.  Id.  She would then have to sit down and rest for 10 to 15 minutes.  AR 43.  Plaintiff further testified that she could not alternate standing for an hour and then sitting for fifteen minutes to an hour for eight hours.  AR 50. Plaintiff stated that she would have to lay down during the day to help with her pain.  AR 51.  Specifically, Plaintiff testified that if she moved between walking, standing, and sitting for about an hour to an hour and a half, she would then have to lie down for at least a half hour.  AR 51.  Plaintiff further provided written statements articulating the same.  See AR 197, 200, 202.

The ALJ did not address any of this testimony in his

decision.  While the ALJ "is not required to discuss evidence that is neither significant nor probative," Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1012 (9th Cir. 2003), an ALJ errs by improperly ignoring significant and probative record evidence. Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012) (finding error where the ALJ "improperly ignored or discounted significant and probative evidence in the record"); see Vincent ex rel. Vincent v. Heckler, 739 F.2d 1393, 1395 (9th Cir. 1984) (holding that the ALJ "must explain why significant probative evidence has been rejected" (internal citation and quotation omitted)).

The Court finds that Plaintiff's testimony on the length of time she can stand and walk to be significant and probative.  The ALJ determined that Plaintiff was able to perform light work, which necessarily includes a finding that Plaintiff would be able to perform a job that required "a good deal of walking or standing." 20 C.F.R. § 404.1567(b).  The ALJ's finding that Plaintiff can do light work constituted an implicit rejection of Plaintiff's testimony.  Because the ALJ did not discuss this testimony let alone provide any reason for rejecting it, much less a clear and convincing one, the Court finds that the ALJ erred.

### ii.  Plaintiff's Testimony that She Cannot Lift More than 10 Pounds

Plaintiff testified in front of the ALJ that she could not lift more than ten pounds.  AR 42.  The ALJ addressed this testimony, stating, "She testified that she can only perform activities lifting up to 10 pounds.  However, she retained full grip strength through the date last insured, which shows she can lift more than 10 pounds."  AR 21.

The Court does not find this reason for rejecting Plaintiff's testimony to be convincing.  Grip strength is not synonymous with lifting ability.  See Bauslaugh v. Astrue, No. EDCV 09-1853-MLG, 2010 WL 1875800, at *5 (C.D. Cal. May 11, 2010) ("[U]nder the Regulations, the ability to grip and grasp is not related to the ability to lift and carry.").  Grip strength measures the force grip of a hand and "represents the power of squeezing between the thumb and fingers."  Chambers v. Shalala, No. 93 C 6917, 1995 WL 228965, at *2 n. 7 (N.D. Ill. Apr. 14, 1995).  Lifting involves picking up a load with the legs, arms, and torso.  Hope v. Astrue, No. ED CV 10-93 PJW, 2011 WL 2135054, at *1 (C.D. Cal. May 31, 2011).  In addition, lifting and carrying is defined by the Social Security Regulations as an exertional limitation, while grasping is a non-exertional limitation.  Bauslaugh, 2010 WL 1875800, at *5.  The Court, therefore, finds that the ALJ erred because he did

not present a convincing reason for rejecting Plaintiff's testimony that she can only lift up to 10 pounds.

Defendant argues that the ALJ's rejection of Plaintiff's testimony that her pain limits how long she can stand and walk and that she cannot lift more than ten pounds was proper because the ALJ found: (1) Plaintiff's testimony was inconsistent with the record; (2) medical testimony did not support Plaintiff's testimony; (3) Plaintiff's treatment history was inconsistent with her specific allegations; (4) Plaintiff's work history did not suggest that she was out of work for non-medical reasons; (5) Plaintiff's daily activities were inconsistent with her symptom claims; and (6) Plaintiff's testimony conflicted with objective observations from medical sources.

However, the ALJ did not rely on any of these six reasons in specifically rejecting Plaintiff's testimony that her pain limits how long she can stand and walk and that she cannot lift more than ten pounds.  The Court cannot affirm the ALJ's decision on grounds which the ALJ did not rely.  This Court is "constrained to review the reasons the ALJ asserts."  Burrell v. Colvin, 775 F.3d 1133, 1138 (9th Cir. 2014) (internal quotation marks and citation omitted).  Otherwise, "a reviewing court will be unable to review those reasons meaningfully and without improperly substituting [its] conclusions for the ALJ's or

speculating as to the grounds for the ALJ's conclusions."

Brown-Hunter, 806 F.3d at 492 (internal quotation marks and

alteration omitted); see Bray v. Comm'r of Soc. Sec. Admin., 554

F.3d 1219, 1225 (9th Cir. 2008) ("Long-standing principles of

administrative law require us to review the ALJ's decision based

on the reasoning and factual findings offered by the ALJ – not

post hoc rationalizations that attempt to intuit what the

adjudicator may have been thinking.").   Therefore, the Court

cannot consider Defendant's additional arguments, which the ALJ

did not make himself.

**IV.   Whether the ALJ Improperly Rejected Dr. Gregory Park's Medical Opinion that Plaintiff Cannot Carry More than Ten Pounds**

Plaintiff argues that the ALJ improperly rejected

consultative examiner Dr. Park's medical opinion that Plaintiff

cannot carry more than ten pounds.   There must be "clear and

convincing reasons for rejecting the uncontradicted opinion of

an examining physician," and even if contradicted, the opinion

of an examining doctor "can only be rejected for specific and

legitimate reasons that are supported by substantial evidence in

the record."   Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir.

1995).[3]

---

[3] Plaintiff argues in her Reply Brief that the Court should
apply the "clear and convincing" standard as opposed to the
"specific and legitimate" standard.   For the reasons discussed
(continued . . . )

Dr. Park conducted an examination of Plaintiff and provided his opinions on February 9, 2013.  AR 395.  Based on his findings that Plaintiff was limited in her shoulder range of motion and pain in her neck, back, and shoulders, Dr. Park concluded that Plaintiff could not carry more than 10 pounds. AR 400.  Specifically, Dr. Park stated, "Lifting and carrying objects would be a problem, given her problems with the shoulder range of motion and the pain in the neck and back and shoulders. She can carry objects up to 10 pounds."  AR 400.[4]

The ALJ rejected Dr. Park's opinion stating:

> The limitations on the claimant's lifting
> and carrying are not fully supported by the
> examination performed and the medical
> evidence of record.  In spite of the limited
> range of motion secondary to pain, the
> claimant took no medications and received no
> other treatment for these symptoms.  Her
> grip strength continues to be normal and her
> sensation is intact.  That shows the
> stenosis observed is not as limiting as
> alleged.  Therefore, the 10 pound carrying
> limitation is too limiting and not fully
> supported by the medical evidence of record.

herein, the Court applies the "specific and legitimate" standard.

[4] The Court notes that Dr. Park's statement regarding Plaintiff's ability to lift and carry is not fully clear.  Dr. Park first states that Plaintiff would have problems with both lifting and carrying.  Dr. Park then states that Plaintiff can carry up to 10 pounds but does not mention whether Plaintiff can lift up to 10 pounds.  Therefore, without a specific finding from Dr. Park on the amount Plaintiff can lift, the Court only interprets Dr. Park's opinion to be in regards to the amount Plaintiff can carry and not in regards to the amount Plaintiff can lift.

AR 20.

Two other non-examining physicians presented an opinion that contradicted Dr. Park's opinion that Plaintiff could not carry more than ten pounds. Non-examining physician Matthew Brynes, D.O. opined that Plaintiff could lift and/or carry 25 pounds frequently and 50 pounds occasionally. AR 74. Non-examining physician P. Blaskowski, M.D. also opined the same. AR 91. Because Dr. Park's opinion was controverted, the Court, therefore, must determine whether the following reasons provided by the ALJ are specific and legitimate: (1) Plaintiff took no medication; (2) Plaintiff received no treatment for her symptoms; (3) Plaintiff's grip strength is normal; and (4) Plaintiff's sensation is intact. Plaintiff argues that none of these reasons were adequate. The Court discusses these reasons in turn.

> **i.** **Whether the ALJ's reasons—that Plaintiff took no medication or treatment for her symptoms—are specific and legitimate and supported by substantial evidence**

The Court finds that even though the ALJ's reasons for rejecting Dr. Park's opinion—that Plaintiff did not take medication and received no treatment for her symptoms—are specific and supported by substantial evidence, they are not legitimate. Plaintiff testified that she did not take pain medications, AR 51-52, and Plaintiff's treating doctors declined

16

to prescribe her pain medication in May 2010 and September 2013. AR 344, 469. In using this fact as a basis for rejecting Dr. Park's testimony, however, the ALJ implicitly rejected Plaintiff's testimony that she could not take pain medicine because she had side effects. See AR 41 ("I can't remember the last time I took pain medicine."); AR 51 ("They don't agree with me. I don't like how [pain killers] make me feel."); AR 52 ("I had a really bad affect with drugs . . . all drugs . . . I don't like how they make me feel."); see also AR 396 ("They treated her with Vicodin temporarily, but she stopped taking Vicodin, because it was an addicting medicine. She does not take any medications for her pain.").[5] If the ALJ was going to reject this testimony, he needed to provide clear and convincing reasons for doing so. The ALJ, however, did not provide any reasons. The Court finds that this was error.

The Court further finds that these reasons are not legitimate because there is no evidence in the record to support the ALJ's opinion that the fact Plaintiff did not take

---

[5] Courts have found that side effects are a sufficient reason for not taking medication. See, e.g., Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996) ("Where a claimant provides evidence of a good reason for not taking medication for her symptoms, her symptom testimony cannot be rejected for not doing so . . . Thus, the fact that Smolen was not taking medication is not a clear and convincing reason for discrediting her symptom testimony."); Gallant v. Heckler, 753 F.2d 1450, 1455 (9th Cir. 1984) (noting that side effects are a sufficient reason not to take pain medication).

medication for her pain or receive treatment for her symptoms
demonstrates that she was capable of carrying more than 10
pounds.  In addition, these reasons do not legitimately explain
why the ALJ rejected Dr. Park's opinion that Plaintiff is only
capable of carrying up to 10 pounds in favor of his own opinion
that Plaintiff could lift and carry up to 20 pounds—an opinion
that was not held by the doctors in the record.[6]

      Defendant argues that because treating physicians
declined to give Plaintiff pain medication when she requested
it, her testimony regarding side effects from pain medication
can be discredited.  Again, Defendant discusses her own reason
for why the ALJ should have rejected Plaintiff's testimony and
not the reasons discussed by the ALJ—of which there were none.
The Court cannot affirm the ALJ's decision on grounds which the
ALJ did not rely.  Accordingly, the Court finds that the ALJ's
reasons that Plaintiff took no medication for her back pain and
received no treatment for her symptoms to not be legitimate to
reject Dr. Park's opinion.

---

[6] The Court notes, as previously discussed, that Dr. Park
opined that Plaintiff could not carry more than 10 pounds.  Two
non-examining physicians opined that Plaintiff could lift and/or
carry 25 pounds frequently and 50 pounds occasionally.

ii.     **Whether the ALJ's reason—that Plaintiff's grip strength is normal—is specific and legitimate and supported by substantial evidence**

The Court finds that even though the ALJ's reason for rejecting Dr. Park's opinion—that Plaintiff's grip strength is normal—is specific and supported by substantial evidence, it is not legitimate.  Dr. Park found that Plaintiff has normal grip strength.  AR 399.  However, as previously discussed, grip strength is not synonymous with lifting and carrying ability.  The Court, therefore, finds that this reason for rejecting Dr. Park's opinion that Plaintiff could not carry more than ten pounds is not legitimate.

iii.    **Whether the ALJ's reason—that Plaintiff's sensation is intact—is specific and legitimate and supported by substantial evidence**

The Court finds that although the ALJ's reason for rejecting Dr. Park's opinion—that Plaintiff's sensation is intact—is specific and supported by substantial evidence, it is not legitimate.  Dr. Park's medical opinion states under a neurological evaluation section, "Sensory is intact."  AR 399.  The Court finds that this is not a legitimate reason for the ALJ to reject Dr. Park's opinion that Plaintiff cannot carry more than 10 pounds.

Plaintiff's neurological sensory capacity is not the same as Plaintiff's lifting ability; Plaintiff may be able to

feel an item when she touches it but not be able to lift or carry it due to pain and the range of motion of her shoulder. In addition, lifting and carrying is defined by the Social Security Regulations as an exertional limitation whereas sensory ability is a non-exertional limitation.  See Hamilton v. Astrue, No. EDCV 08-1843-MAN, 2010 WL 3748744, at *12 n.11 (C.D. Cal. Sept. 22, 2010); Carter v. Barnhart, No. C03-1518 CRB, 2003 WL 22749253, at *4 n.2-3 (N.D. Cal. Nov. 14, 2003).  The Court, therefore, finds that this reason for rejecting Dr. Park's opinion that Plaintiff could not carry more than 10 pounds is not legitimate.

In sum, the Court finds that the ALJ erred by failing to provide legitimate reasons for rejecting Dr. Park's opinion that Plaintiff could not carry more than 10 pounds.

### V.   Harmless Error & Remand

The errors at issue were not harmless.  "An error is harmless only if it is inconsequential to the ultimate non-disability determination . . . or if despite the legal error, the agency's path may reasonably be discerned."  Brown-Hunter, 806 F.3d at 494 (internal quotation marks and citation omitted) (finding that because the ALJ did not provide any reasons upon which her conclusion was based, the agency's path could not be reasonably discerned).  The Ninth Circuit has indicated that in order to consider an error harmless, the reviewing court must be

20

able to "confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." <u>Marsh</u>, 792 F.3d at 1173.

Had the ALJ properly considered Plaintiff's testimony regarding the length of time she can stand and walk and that she cannot lift more than 10 pounds, and Dr. Park's opinion that Plaintiff could not carry more than 10 pounds, the ALJ might have given a more restrictive RFC than the one given in her decision. That, in turn, might have led to a finding that Plaintiff is disabled. In light of these errors, this Court cannot confidently conclude that no reasonable ALJ would reach a different decision. Accordingly, the ALJ's errors were not harmless and her decision must be reversed.[7]

---

[7] Defendant argues that the ALJ's evaluation of Dr. Park's opinion was harmless because he would have made the same finding in regards to Plaintiff's disability at step five even if he had agreed with Dr. Park's opinion that Plaintiff could not carry more than 10 pounds. Specifically, Defendant argues that the jobs that the ALJ found Plaintiff would be able to perform—cleaner housekeeper, photocopy machine operator, and can-filling and closing tender—only require Plaintiff to lift 10 pounds, according to the vocational expert who testified before the ALJ. AR 23, 62-63.

The Court, however, does not find this argument persuasive because the Dictionary of Occupational Titles characterizes these positions as requiring occasional lifting of up to twenty pounds. <u>See</u> 323.687-014 Cleaner, Housekeeper, Dictionary of Occupational Titles ("DICOT"), 1991 WL 672783 ("Light Work - exerting up to 20 pounds of force occasionally"); 529.685-282 Can-Filling-and-Closing-Machine Tender, DICOT, 1991 WL 674715 ("Light Work - exerting up to 20 pounds of force occasionally"); 207.685-014 Photocopying-Machine Operator,

(continued . . . )

"Remand for further administrative proceedings is appropriate if enhancement of the record would be useful." Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004). However, where the record is fully developed and "further administrative proceedings would serve no useful purpose," a court should remand for an immediate award of benefits. Id. "The decision whether to remand for further proceedings or simply to award benefits is within the discretion of [the] court." McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). However, the Ninth Circuit has cautioned that "[a] remand for an immediate award of benefits is appropriate . . . only in rare circumstances." Brown-Hunter, 806 F.3d at 495 (internal quotation marks omitted).

In this case, the Court finds that enhancement of the record would be useful. The Court, therefore, holds that remand for further proceedings is appropriate for the ALJ to properly consider Plaintiff's testimony and the opinion of Plaintiff's examining physician, Dr. Park. The ALJ is instructed to take whatever further action is deemed appropriate and consistent

DICOT, 1991 WL 671745 ("Light Work  - exerting up to 20 pounds of force occasionally").  The DICOT is "the Secretary's primary source of reliable job information."  Johnson v. Shalala, 60 F.3d 1428, 1434 (9th Cir. 1995).
    The Court, therefore, cannot confidently conclude that no reasonable ALJ would reach a different decision and finds that the ALJ's errors when rejecting Dr. Park's opinion were not harmless.

with this decision.

**CONCLUSION**

For the foregoing reasons, the Court REVERSES the Commissioner's decision denying Social Security disability benefits and REMANDS to the ALJ for further proceedings consistent with this Opinion.[8]

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 11, 2018



_____
Alan C. Kay
Sr. United States District Judge


Flynn v. Berryhill, Civ. No. 17-00151 ACK-KSC, Order Reversing the Decision of the Commissioner of Social Security and Remanding for Further Proceedings.

---

[8] Plaintiff has requested for the Court to award attorneys' fees and costs pursuant to 28 U.S.C. § 2412. Opening Br. at 23. The Court finds Plaintiff to be the prevailing party and therefore entitled to attorneys' fees and costs. Plaintiff may file a separate motion requesting such fees and costs and providing support for such relief before the Magistrate Judge, and Defendant will have the opportunity to object to such request.